In the Matter of the Application of BUFFALO CREMATION COMPANY, LTD., Petitioner, for an Order of Certiorari Directed to HARRY J. MARCH and Others, Constituting the Board of Appeals, Organized and Existing under Chapter 70 of the Ordinances of the City of Buffalo, Respondent.

Fourth Department, January 11, 1928.

**Municipal corporations — zoning ordinances — board of appeals of city of Buffalo has original jurisdiction to grant permits under Zoning Ordinance, § 28, subd. G (6), a, in relation to garages upon public notice and hearing — certiorari proper method of review, under subd. H — permit granted without public notice and hearing is invalid.**

The board of appeals of the city of Buffalo has original jurisdiction to grant permits, under subdivision G (6), a, of section 28 of the Building Zone Ordinance, in reference to the erection of a public garage, but such permit must be granted after public notice and hearing as provided by subdivision G of said section.

A resolution was passed granting a request to extend a garage, but before the permit was granted, this proceeding to review the action of the board of appeals by certiorari was commenced. Under subdivision H of section 28 of the ordinance, the procedure to review was proper.

In granting the permit, the board of appeals exercised its original jurisdic'ion and it did so in violation of subdivision G of section 28, since it did not give public notice and accord public hearing on the application, and, therefore, the permit was illegal and void.

CERTIORARI ORDER granted out of the Supreme Court on the 27th day of May, 1927, directed to Harry J. March and others, constituting the board of appeals of the city of Buffalo, commanding them to certify and return to the court all and singular their proceedings had in reference to reviewing the action of the building commissioner and in granting the permit to erect a building.

*Persons & Blair* [*Charles F. Blair* of counsel], for the petitioner.

*Frederic C. Rupp, Corporation Counsel* [*Charles S. McDonough* of counsel], for the respondent.

Per Curiam.   Under the zoning ordinances of the city of Buffalo, a board of appeals was established. It has certain powers as provided in section 28 of the ordinances. One of them is to hear appeals from decisions of the building commissioner. It also is given original jurisdiction to grant permits in specified cases, but only after having given public notice and a hearing. (§ 28, subd. G.)   It has among other things original jurisdiction to grant permission in a business district for the erection or extension of a public garage.  (§ 28, subd. G [6], a.)   But it is only after the public notice and hearing as provided for in subdivision G of section 28 of the ordinances.

On the 14th day of April, 1927, the Gates Circle Garage, Inc., filed an application with the building commissioner for permission to enlarge its garage. The building commissioner referred the matter to the board of appeals on the 20th day of April, 1927. That body, by resolution, granted the request, and a month later the building commissioner issued the permit. This was not done, however, until after the petitioner had instituted this proceeding to review by certiorari order the action of the board of appeals in granting the permit. This procedure to review was proper.  (§ 28, subd. H.)

In granting the permit in question the board of appeals exercised original jurisdiction and it did not act in its appellate capacity to review the action of the building commissioner, for that official had not at that time granted a permit.

In exercising its original jurisdiction by granting this permit, the board of appeals acted without authority, for it had not given the notice and accorded the public hearing that were required by the terms of subdivision G of section 28 of the ordinances. Its action was, therefore, illegal and void.

The certiorari order should be sustained and the determination of the board of appeals reversed on the law, with fifty dollars costs and the permit granted should be revoked.

All concur.   Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

Determination of board of appeals set aside, order of certiorari sustained and permit granted by board of appeals revoked, with fifty dollars costs and disbursements.