■ In the Matter of SHOLZ BUICK, INC., Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Motor Vehicles, dated February 20, 1980, which affirmed a determination of the Repair Shop Review Board suspending petitioner's repair shop license for a period of five days, upon a finding that the petitioner had engaged in "deceptive practices" in violation of 15 NYCRR 82.4 (a) (7) of the commissioner's regulations (see Vehicle and Traffic Law, § 398-e, subd 1, par [b]). Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination to the effect that petitioner, through its service advisor, had engaged in "deceptive practices" (Vehicle and Traffic Law, § 398-e, subd 1, par [g]; 15 NYCRR 82.4 [a] [7]) in agreeing to replace the complainant's "complete exhaust system" for an estimated $150 and, on the basis of that representation had proceeded without further authorization to replace only a portion of that exhaust system for a price in excess of $200 is supported by substantial evidence appearing on the record considered as a whole (see *Matter of Purdy v Kreisberg,* 47 NY2d 354). Moreover, given the limited scope of review available to us in such matters (see *Matter of Pell v Board of Educ.,* 34 NY2d 222), we cannot agree with petitioner that the measure of punishment imposed upon it by the respondent commissioner was so disproportionate to the charge sustained as to be " ' "shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ., supra,* p 233). Accordingly, the determination of the respondent commissioner must be confirmed. Titone, J. P., Gulotta, Weinstein and Bracken, JJ., concur.