*409
 
 OPINION OF THE COURT
 

 Jasen, J.
 

 In this CPLR article 78 proceeding to review a determination of the Commissioner of the Department of Motor Vehicles, we are asked to decide whether, on petitioner’s administrative appeal, the Commissioner, in approving the recommendation of the Repair Shop Review Board, has the power to increase the penalty imposed upon petitioner by the Administrative Law Judge for fraudulent and deceptive practice.
 

 In 1981, petitioner, the Sil-Tone Collision automotive repair shop (Sil-Tone), was charged by the Department of Motor Vehicles with,
 
 inter alia,
 
 commission of a fraud or deceptive practice in violation of section 398-e (subd 1, par [g]) of the Vehicle and Traffic Law. The violation occurred in connection with the receipt of payments for repairs never performed. A 1978 Chevrolet Impala was entrusted to Sil-Tone for repair of damage resulting from an accident. At this time, an estimate of the cost of repairs was completed by an insurance adjuster, and it was determined that the cost of repairs would total $1,849.23. Within two weeks of the delivery of the car to petitioner, the shop and a number of automobiles, including the Chevrolet Impala, were destroyed by fire. Shortly after the fire, the owner of the Chevrolet Impala sought return of the automobile’s registration plates. However, Sil-Tone refused to surrender such plates unless the repair bill was paid. A check was then issued to and received by Sil-Tone. Subsequently, the insurance adjuster who had previously assessed the estimated cost of repairs inspected the automobile and discovered that no repairs had been completed, a finding which was confirmed by an official departmental investigator.
 

 A hearing was conducted before an Administrative Law Judge who found that by accepting payment for services never rendered, Sil-Tone had committed a fraud or deceptive practice in violation of section 398-e (subd 1, par [g]) of the Vehicle and Traffic Law. Accordingly, the Administrative Law Judge suspended Sil-Tone’s certificate of registration for seven days and imposed a civil penalty in the sum of $100.
 

 
 *410
 
 Upon administrative appeal taken by Sil-Tone to the Repair Shop Review Board, the Board recommended that the finding that a fraud or deceptive practice had been committed by Sil-Tone be affirmed, but that the sanction which had been imposed be modified by increasing it to a revocation of Sil-Tone’s certificate of registration to operate a motor vehicle repair shop facility. This recommendation of the Repair Shop Review Board was approved by the Commissioner of the Department of Motor Vehicles.
 

 Sil-Tone commenced an article 78 proceeding based upon the contention that the Commissioner could not, on an appeal by the petitioner, modify the determination of the Administrative Law Judge by increasing the penalty imposed. Special Term dismissed the petition on the merits. The Appellate Division unanimously reversed the judgment of Special Term and granted the petition to the extent of annulling so much of the Commissioner’s determination as imposed a penalty upon Sil-Tone in excess of that recommended by the Administrative Law Judge. For the following reasons, we reverse and reinstate the determination of the Commissioner.
 

 Section 398-e (subd 1, par [g]) of the Vehicle and Traffic Law authorizes the Commissioner, or any person deputized by him, such as the Administrative Law Judge, to revoke or suspend the registration of any motor vehicle repair shop upon a determination that the registrant has been guilty of fraud or fraudulent or deceptive practices. Upon revocation or suspension of a motor vehicle repair shop registration by an Administrative Law Judge or other authorized hearing officer, an appeal may be taken to the Repair Shop Review Board. (Vehicle and Traffic Law, § 398-f, subd 2.) The scope of review of the Review Board upon appeal is defined by section 398-f (subd 3, par [a]), which provides: “The review board will review all appeals filed pursuant to this article and will make recommendations to the commissioner as to the disposition of such appeals. Such
 
 recommendation
 
 may be to affirm, reverse or
 
 modify
 
 the initial determination of the hearing officer, or to remand the case for a further hearing to determine additional facts. Any review by such board shall be based solely on the record upon which the initial determination is
 
 *411
 
 made and upon any written brief which may be submitted by or on behalf of the applicant or registrant.” (Emphasis added.)
 

 In modifying the sanction to be imposed for commission of fraud or a deceptive act upon administrative appeal taken by petitioner, the Commissioner, acting upon the recommendation of the Repair Shop Review Board, did not act in excess of his statutory jurisdiction. The Administrative Law Judge and members of the Repair Shop Review Board are subordinates of the Commissioner and the preliminary findings of those officers at earlier stages of the administrative proceeding are merely advisory in nature and always subject to
 
 de novo
 
 review by administrative appeal to the Commissioner. On appeal from the initial decision by the Administrative Law Judge or on the Commissioner’s own initiative, the Commissioner has all the powers which the Administrative Law Judge had in making the decision in the first instance. The provision of section 398-f (subd 3, par [a]), authorizing the Review Board to recommend that the Commissioner “affirm, reverse or modify” a determination of the Administrative Law Judge, simply reflects the power of plenary,
 
 de novo
 
 review which rests with the Commissioner, and is unfettered by the authorization of the Review Panel and the Administrative Law Judge to make a tentative “recommendation”. (Mat
 
 ter of Richmond Hill Serv. Sta. v New York State Dept, of Motor Vehicles,
 
 92 AD2d 688;
 
 Greater Boston Tel. Corp. v Federal Communication Comm.,
 
 444 F2d 841, 853, cert den 403 US 923.)
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the determination of the Commissioner of the Department of Motor Vehicles reinstated.
 

 Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order reversed, etc.