In the Matter of GIBRALTER AUTO SERVICES, INC., Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles of the State of New York, dated January 20, 1987, which, after a hearing, reaffirmed the revocation of the petitioner's motor vehicle repair shop registration.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On May 31, 1983, Gibralter Transmission in Patchogue, of which the petitioner's president was an owner and at least a 10% shareholder, was found guilty, after a hearing, of violating Vehicle and Traffic Law § 398-e (2) (a) (i) (gross negligence in the performance of any repair or adjustment), 15 NYCRR 82.5 (f) (failure to make repairs covered by a guarantee) and 15 NYCRR 82.5 (g) (failure to provide quality repairs). As a result of those violations, the respondent afforded the Patchogue shop the following option: (1) a 30-day suspension and civil penalty of $1,556.35 or (2) restitution to the complaining witness of $506.35. On September 7, 1983, the respondent ordered the Patchogue shop to serve an indefinite suspension

for failing to comply with any of the terms of that order. The license for that shop was thereafter surrendered and the business sold.

In June 1984 the petitioner's president filed a repair shop registration renewal application for the petitioner Gibralter Auto Services, Inc. In the course of the application, the petitioner's president responded in the negative to the following question: "Since your last renewal have you or any person named in this application ever been an owner, partner, director of a corporation, or stockholder holding more than ten percent of the outstanding stock in a business which [previously had its license] denied, suspended or revoked in New York State?"

By notice dated May 1, 1985, the petitioner was informed that a hearing would be conducted to investigate its alleged violations of Vehicle and Traffic Law § 398-e (1) (a), (c). The subject provisions authorize the Commissioner or any person deputized by him, *inter alia,* to suspend or revoke the registration of a motor vehicle repair shop issued pursuant to Vehicle and Traffic Law article 12-A upon a determination that the registrant has made a material false statement or concealed a material fact in connection with his application or that he was an officer, director, partner or holder of more than 10% of outstanding stock of a business whose registration was suspended *(see,* Vehicle and Traffic Law § 398-e [1] [a], [c]). The petitioner's president appeared at the hearing and acknowledged that a false statement had been made on the renewal application but attributed it to a clerical error and a mere oversight. The Administrative Law Judge found that the petitioner had violated both of the aforesaid subdivisions and ordered the revocation of its registration.

The petitioner thereafter appealed to the Repair Shop Review Board, alleging that the Administrative Law Judge denied it due process by refusing to afford it an opportunity to present evidence that the misstatement resulted from clerical error. It also alleged that the transcript of the hearing omitted the minutes of certain testimony, which was indicative of irregularities in the hearing proceeding. The Repair Shop Review Board found that the petitioner was not denied due process by the alleged failure of the Administrative Law Judge to receive evidence in support of the petitioner's claim of a clerical error and rejected the petitioner's argument that the penalty of revocation was excessive given its significant record of past violations. The following recommendation was proffered: "[S]ince the remaining portion of the record clearly

contains substantial evidence to support the findings, and since appellant has not raised any specific and valid issues based upon the missing testimony (which appellant and its attorney were present to hear), and since there is a presumption of regularity in proceedings such as this, the findings should be affirmed".

The Commissioner then approved the Repair Shop Review Board's determination, reaffirming the penalty of revocation of the petitioner's registration. We agree.

The petitioner has not overcome the presumption of regularity attending proceedings of this kind (see, People v Glass, 43 NY2d 283; People v Bell, 36 AD2d 406). Further, the record contains substantial evidence to support the conclusions reached in the administrative proceeding, since a reasonable mind would accept the evidence as adequate to support the conclusions reached (see, 300 Gramatan Ave. Assocs. v New York State Div. of Human Rights, 45 NY2d 176). The Commissioner equipped with the power of de novo review and having all the power the Hearing Officer had (see, Matter of Sil-Tone Collision v Foschio, 63 NY2d 406), chose not to credit the petitioner's defense of a clerical error in light of the record of violations of the other shop in which the petitioner's president held an interest. Significantly, Vehicle and Traffic Law § 398-e (1) (c) requires no proof of intent. This court will not reweigh evidence or reject the determination of the Commissioner where, as here, his determination is supported by substantial evidence (see, State Div. of Human Rights v Columbia Univ., 39 NY2d 612; see also, Matter of Foster v Tofany, 31 AD2d 987). Accordingly, the conclusion that the petitioner violated Vehicle and Traffic Law § 398-e (1) (a) and (c) is affirmed. Moreover, in light of the express purpose of the statute, inter alia, to eliminate unqualified repair shops, the penalty of revocation, given the significant record of violations, does not shock our sense of fairness and must be affirmed (see, Kostika v Cuomo, 41 NY2d 673). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.