■ In the Matter of LYON CORAM AUTO BODY, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles of the State of

New York, dated May 22, 1987, which affirmed findings of an Administrative Law Judge that the petitioner violated certain regulations governing motor vehicle repair shops, revoked the petitioner's motor vehicle repair shop registration certificate, and ordered that the petitioner pay restitution and a civil penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The instant proceeding stems from repair work performed by the petitioner upon an automobile which had been damaged in a rear-end collision. The record of the administrative hearing clearly established, *inter alia,* that the petitioner had represented in its invoice that it had replaced certain parts which in fact were not replaced and which caused the owner of the automobile to incur additional expense for corrective repairs. Such misrepresentation about repairs performed constitutes substantial evidence that the petitioner has engaged in a fraudulent and deceptive practice in violation of Vehicle and Traffic Law § 398-e (1) (g) *(see, Matter of Little Reb Auto Corp. v New York State Dept. of Motor Vehicles,* 93 AD2d 821). The record further established by uncontroverted circumstantial evidence that the petitioner had forged an authorization form which induced the complainant's insurer to directly remit payment for the repairs to the petitioner. Both this form and the check subsequently issued bore signatures which misspelled the complainant's name. The complainant denied that he ever signed either the release or the check, which was deposited in an account of the petitioner's subsidiary corporation. Clearly this evidence was "of such quality and quantity" to give rise to a reasonable and logical inference that the petitioner had committed a fraud to secure payment *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181).

Of great significance is the fact that the petitioner's fraudulent and deceptive conduct caused the complainant to take possession of an automobile which was not roadworthy. The petitioner's failure to replace the car's left rear frame rail caused the car to be misaligned and to weave. This part had been authorized for replacement by the insurance adjuster and the petitioner's invoice indicated that it had been replaced. The failure to replace this part, which the adjuster described as having a "heavy buckle", clearly established that the petitioner was grossly negligent *(see,* Vehicle and Traffic Law § 398-e [2] [a] [i]; *Food Pageant v Consolidated Edison Co.,* 54 NY2d 167, 172). In sum, it is clear that all of the adminis-

trative findings were supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra).*

Moreover, the finding that the petitioner engaged in fraudulent and deceptive practices justified the revocation of its registration certificate, which we note was already at all relevant times, subject to an indefinite suspension *(see,* Vehicle and Traffic Law § 398-i [3] [a]; *Matter of Sil-Tone Collision v Foschio,* 63 NY2d 406). In light of the gravity of the instant charges and the petitioner's extensive record of past transgressions, revocation of its registration certificate was not a penalty so harsh as to be shocking to one's sense of fairness *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354).

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.