■ In the Matter of PRECISE AUTO ELECTRIC, INC., Petitioner, v COMMISSIONER OF MOTOR VEHICLES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles dated December 11, 1987, which, after a hearing, found the petitioner to be in violation of Vehicle and Traffic Law § 398-e (1) (g) and (2) (a) (i), and 15 NYCRR 82.5 (c), and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

An undercover agent of the New York State Department of Motor Vehicles brought a vehicle to the petitioner automobile repair shop and informed the mechanic who greeted him that the dashboard alternator warning light would illuminate when the engine was running. The mechanic tested the vehicle, informing the agent that the vehicle's alternator was defective and needed replacement. The agent, an automobile repair expert, testified that he had tested the alternator just before he took the vehicle to the repair shop, and found the alternator to be in good condition. In the fusebox circuit corresponding to the dashboard's alternator warning light, he replaced a 10-amp fuse that was in good condition with a blown 10-amp fuse, causing the warning light to go on when the engine was running. He testified at the hearing that the illuminated dashboard light indicates either a faulty alternator or a blown fuse; since he had determined that the alternator was in good condition, the illuminated dashboard light could only mean that the fuse was blown.

The petitioner replaced the alternator, and the agent picked up the car, retrieved the alternator which had been replaced from the petitioner, and paid for the service after receiving a written bill. He returned the vehicle to a New York State Department of Motor Vehicles facility, and checked the alternator that was replaced, finding it to be in working order. The agent further found that the blown 10-amp fuse had been

replaced with a 30-amp fuse, although the fuse box clearly called for a 10-amp fuse in that particular circuit. The installation of this 30-amp fuse created the risk that the wires in the circuit would burn. The written bill for services rendered by the petitioner did not indicate that the fuse had been replaced.

There is substantial evidence in the record to sustain the Commissioner's determination that the petitioner engaged in fraudulent or deceptive practices by repairing an alternator that did not need repairing, that the petitioner willfully failed to complete an invoice by failing to include therein the replacement of a fuse, and that the petitioner was grossly negligent in replacing the blown 10-amp fuse with a 30-amp fuse (see, Matter of Pell v Board of Educ., 34 NY2d 222; 300 Gramatan Ave. Assocs. v New York State Div. of Human Rights, 45 NY2d 176; Matter of Gibralter Auto Servs. v State of New York Dept. of Motor Vehicles, 134 AD2d 590; see also, Matter of Duran v Gunn, 135 AD2d 628).

The penalties of a 90-day suspension and $650 fine are not so disproportionate to the offenses as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., supra). In so holding, we note that the petitioner has a significant record of similar violations and warnings (see, Matter of Lyon Coram Auto Body v New York State Dept. of Motor Vehicles, 147 AD2d 564; Matter of Gibralter Auto Servs. v State of New York Dept. of Motor Vehicles, supra) and that the stated purpose of the sections of the Vehicle and Traffic Law which the petitioner violated is to protect the public from the inefficient repair of automobiles and the fraudulent and deceptive practices of automobile repair shops (see, Vehicle and Traffic Law § 398-a).

The petitioner's remaining contentions have been considered and have been found to be without merit. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.