■ HAUPPAUGE FIRESTONE, INC., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Motor Vehicles, dated April 19, 1989, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 398-e (2) (a) (i), (1) (g) and (2) (a) (ii) and 15 NYCRR 82.5 (g), and, upon considering the recommendation of the Repair Shop Review Board, imposed a civil penalty of $1,400 and a 45-day suspension of the petitioner's repair shop registration.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The uncontroverted evidence before the Administrative Law Judge revealed that petitioner charged for repairs and services to an automobile which were requested by the customer and not performed. It was also established that unnecessary repairs were made to the automobile. On this record, therefore, there was substantial evidence to support the Commissioner's determination as to each of the violations (see, *Matter of Lyon Coram Auto Body v New York State Dept. of Motor Vehicles*, 147 AD2d 564; see also, *Matter of Precise Auto Elec. v Commissioner of Motor Vehicles*, 151 AD2d 680).

The commissioner's modification of the penalty imposed was

within her scope of authority granted under Vehicle and Traffic Law § 398-f (3) (a) *(see, Matter of Carmel Collision Specialists v Commissioner of Motor Vehicles,* 64 NY2d 1148; *Matter of Sil-Tone Collision v Foschio,* 63 NY2d 406). In view of the nature of the violations and the petitioner's extensive record of prior violations, we find that the penalty is not shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.