■ In the Matter of KEL-CAR ASSOCIATES, LTD., Petitioner, v PATRICIA B. ADDUCI et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Motor Vehicles, dated May 22, 1989, which, after a hearing before an Administrate Law Judge, found that the petitioner was guilty of violating provisions of the Vehicle and Traffic Law and 15 NYCRR 82.5, and which imposed a 60-day suspension of the petitioner's automobile repair shop license, and a civil penalty of $4,818.08.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The testimony adduced at the hearing established that in December 1983 the petitioner agreed to install a new clutch and generally restore an operable 1966 Jaguar belonging to Joseph Brunno at a cost of between $2,000 and $2,750, assuring Brunno that the job would take some three months. Nevertheless, after receiving a $1,000 downpayment, as well as an additional $1,000 six months later, in May 1986 the petitioner's principal, Mr. Robert Gomes, threatened to impose a mechanic's lien and auction the car unless Brunno paid an additional $1,101 allegedly due. When Brunno picked up his Jaguar, the engine was inoperable, its battery, a window, two wiper blades and an antenna were missing, the engine compartment hoses and other components were not connected, and the vehicle had received a paint job which had blistered and discolored. Brunno's complaint to the respondent prompted an investigation.

Following a hearing, the respondent determined that the petitioner had violated, *inter alia,* Vehicle and Traffic Law § 398-e (2) (a) (i) (gross negligence in the performance of a repair), 15 NYCRR 82.5 (g) (willful failure to provide quality repairs), and Vehicle and Traffic Law § 398-e (1) (g) (fraud in the collection of a fee without completing the repairs). The determination is supported by substantial evidence in the record *(see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). For example, the

petitioner was grossly negligent, in violation of Vehicle and Traffic Law § 398-e (2) (a) (i), in failing to return the complainant's engine and surface paint to the condition they were in before the customer brought his Jaguar into the shop, as well as in failing to reassemble the engine before forcing the customer to pay his bill and take the useless vehicle away *(cf., Matter of Lyon Coram Auto Body v New York State Dept. of Motor Vehicles,* 147 AD2d 564). Further, the petitioner's willful failure to provide quality repairs, in violation of 15 NYCRR 82.5 (g), was established by evidence that it had failed to install a new clutch assembly, as well as by its "deliberately premature release of the vehicle". Finally, the petitioner was guilty of "fraudulent or deceptive" practices in that it coerced the consumer, under threat of auctioning his car, to pay in full for the repairs contracted for, even though none of them had been completed *(cf., Matter of Little Reb Auto Corp. v New York State Dept. of Motor Vehicles,* 93 AD2d 821; *Matter of Sholz Buick v Melton,* 92 AD2d 871).

The monetary penalties imposed are not so disproportionate to the charges sustained as to be "shocking to one's sense of fairness" *(Matter of Pell v Board of Educ., supra,* at 233; *Matter of Sholz Buick v Melton, supra),* particularly when consideration is given to the "substantial public harm which might be caused by repeated violations and the deterrent effect which a substantial penalty might have on the individual violator and upon others who might be tempted to engage in similar misdeeds" *(Schaubman v Blum,* 49 NY2d 375, 379). We note that the petitioner was fined between $200 and $350 for each infraction, as is provided for in Vehicle and Traffic Law § 398-e (2) (a) and (b), and that the remaining $3,268.08 represents restitution to the consumer. The petitioner does not dispute the amount of the consumer's loss.

The 60-day suspension is not so disproportionate to the offenses as to shock one's sense of fairness. The petitioner's negligence was egregious, and its fraud was substantial and deliberate *(see, Matter of Precise Auto Elec. v Commissioner of Motor Vehicles,* 151 AD2d 680; *Matter of Perillo v Commissioner of Dept. of Motor Vehicles,* 63 AD2d 939). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.