■ In the Matter of DE CILLIS AUTO SERVICE CENTER, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [622 NYS2d 787] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Motor Vehicles, dated October 27, 1992, which adopted the recommendation of the Repair Shop Review Board, made after a hearing, finding, inter alia, that the petitioner had willfully performed services that had not been authorized by the complainant and modifying the alternate penalty to include a 10-day suspension of the petitioner's repair shop registration.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination of

the Commissioner of the New York State Department of Motor Vehicles (hereinafter the Commissioner) that the petitioner had willfully performed services that had not been authorized by the complainant (see, 15 NYCRR 82.5 [b]), that it had willfully failed to provide quality repairs (see, 15 NYCRR 82.5 [g]), that it had failed to return parts to the complainant upon his request (see, Vehicle and Traffic Law § 398-d [1]), and that it had committed a fraud or a fraudulent or deceptive practice (see, Vehicle and Traffic Law § 398-e [1] [g]) is supported by substantial evidence in the record, particularly the testimony of the complainant and the invoices that were submitted at the hearing (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Purdy v Kreisberg, 47 NY2d 354, 358). While the petitioner presented a viable explanation of the events that resulted in the charges against it, under the circumstances of this case, the Administrative Law Judge's decision to discredit the testimony of the petitioner's witnesses should not be disturbed (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443; Matter of Stork Rest. v Boland, 282 NY 256; Matter of Jeremias v Sander, 177 AD2d 488, 489).

There is no merit to the petitioner's contention that the determination should be annulled because the Commissioner adopted the recommendation of the Repair Shop Review Board to modify the alternate penalty recommended by the Administrative Law Judge to include a 10-day suspension of the petitioner's repair shop registration without setting forth any findings of fact and conclusions of law (see, Matter of Close v Hammond, 166 AD2d 845, 846; Matter of Murphy v New York City Tr. Auth., 139 AD2d 651; see also, Matter of Sil-Tone Collision v Foschio, 63 NY2d 406; Matter of Carmel Collision Specialists v Commissioner of Motor Vehicles, 64 NY2d 1148).

We have examined the petitioner's remaining contention and find that it is without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.