■■■ In the Matter of LIN DEL TRANSMISSIONS, INC., Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Appellant. [684 NYS2d 392] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent appeals from a judgment of Supreme Court that vacated and set aside the November 30, 1996 order suspending petitioner's license to operate a vehicle repair shop for 10 days and the August 8, 1997 notice of reinstatement of that order of suspension. Petitioner was found guilty of two violations of Vehicle and Traffic Law § 398-e (1) (g) and one violation of a Department of Motor Vehicles regulation (15 NYCRR 82.5 [c]). The charges arose from repair work performed by petitioner on complainant's vehicle, which was under warranty. Petitioner did not contest the findings of the Administrative Law Judge (ALJ) that it committed the alleged fraudulent or deceptive practices or that it violated the regulation. The ALJ imposed a civil penalty and a 60-day suspension of petitioner's license to do business or, alternatively, if petitioner paid restitution in the amount of $386.70 to complainant, a 10-day suspension and a $100 civil fine were imposed. On administrative appeal, the Repair Shop Review Board modified the first alternative penalty to a 25-day suspen-

sion and otherwise affirmed the ALJ's decision. Respondent concedes that petitioner timely made restitution to complainant and that the second alternative penalty of a 10-day suspension thus applies.

The court erred in vacating the order of suspension and notice of reinstatement. "Under CPLR 7803 (3), judicial review of an administrative punishment is guided by the 'abuse of discretion' standard, which translates into a circumscribed judicial inquiry: the administrative penalty must be upheld unless it 'shock[s] the judicial conscience'" (*Matter of John Paterno, Inc. v Curiale*, 88 NY2d 328, 336). The ALJ determined that petitioner intentionally deceived complainant. The 10-day suspension is not so disproportionate to the offenses charged as to shock the judicial conscience (*see, Matter of Corvettes Unlimited v Adduci*, 190 AD2d 671, 671-672; *Matter of Kel-Car Assocs. v Adduci*, 176 AD2d 942, 943). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.