■ In the Matter of JOSEPH E. KROSSBER, Doing Business as KROSSBER'S COLLISION, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of New York State Department of Motor Vehicles, et al., Respondents. [695 NYS2d 451] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: This CPLR article 78 proceeding was transferred to us pursuant to CPLR 7804 (g). Petitioner operates a motor vehicle repair shop and was cited by respondent New York State Department of Motor Vehicles for violations of the Motor Vehicle Repair Shop Registration Act (Vehicle and Traffic Law art 12-A) in connection with the repair of a motor vehicle involved in an accident in October 1993. Following a hearing, the Administrative Law Judge (ALJ) sustained charges of gross negligence (Vehicle and Traffic Law § 398-e [1] [h]), willful failure to make records available for inspection (Vehicle and Traf-

fic Law § 398-d [3]), fraud (Vehicle and Traffic Law § 398-e [1] [g]) and failure to repair in a timely manner (15 NYCRR 82.5 [*l*]). The ALJ suspended petitioner's repair shop registration, imposed civil penalties and gave petitioner the option of paying restitution. On appeal respondent Repair Shop Review Board affirmed the ALJ's determination.

We conclude that the determination that petitioner willfully failed to make his records available for inspection is not supported by substantial evidence (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). The record establishes that, when requested by the Department of Motor Vehicles, petitioner supplied some records and indicated that his attorney had the remainder.

We further conclude, however, that the determination finding him guilty of fraud is supported by substantial evidence. Petitioner was charged with billing for a new headliner that was not replaced (*see, Matter of Lyon Coram Auto Body v New York State Dept. of Motor Vehicles*, 147 AD2d 564, 565). The record establishes that, while petitioner invoiced a new headliner, he installed one that was torn and stained (*see, Matter of Corvettes Unlimited v Adduci*, 190 AD2d 671).

Petitioner's contentions with respect to the finding of gross negligence and the award of restitution are not raised in the petition and thus are not properly before us (*see, Matter of Coombs v Village of Canaseraga*, 247 AD2d 895, 896; *Matter of Sunrest Health Facilities v Wing*, 239 AD2d 733, 735). We have examined petitioner's remaining contentions and conclude that they are without merit. We therefore modify the determination and grant the petition in part by annulling the determination with respect to charge No. 2, vacating the civil penalty imposed thereon and dismissing that charge. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Ontario County, Harvey, J.) Present—Pine, J. P., Wisner, Pigott, Jr., Scudder and Balio, JJ.