■ HELEN CARTER et al., Respondents, v GENERAL MOTORS CORPORATION, Defendant, and JAY's CHEVROLET, Appellant. [709 NYS2d 309] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of the cross motion of defendant Jay's Chevrolet (Jay's) seeking summary judgment dismissing the claim under Vehicle and Traffic Law § 417. The statute is " 'primarily designed to protect the purchasers [of used motor vehicles] from being sold an improperly equipped or defective vehicle'" (*Pierce v International Harvester Co.*, 61 AD2d 255, 260, quoting statement of Counsel and Deputy Commissioner of Motor Vehicles in support of L 1954, ch 86, 1954 NY Legis Ann, at 263-264). Although Vehicle and Traffic Law § 417 requires dealers of used motor vehicles to provide written notice to the buyer that the vehicle complies with regulatory requirements "as shall be specified by the commissioner [of the department of motor vehicles]" (*see*, 15 NYCRR 78.13 [b], [c] [1]-[18]), the statute also requires that such notice contain a certification that the vehicle "is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery" (Vehicle and Traffic Law § 417). Thus, contrary to the contention of Jay's, the certification is not limited to the 18 items listed in the regulations. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.