■ In the Matter of JOSEPH P. FUSS et al., Appellants, v HANNIBAL TOWN PLANNING BOARD et al., Respondents. (Appeal No. 1.) [744 NYS2d 111] —Appeal from a judgment of Supreme Court, Oswego County (Nicholson, J.), entered July 12, 2001, which determined, inter alia, that respondent Hannibal Town Planning Board complied with the requirements of the State Environmental Quality Review Act and remitted the matter to respondent Hannibal Town Planning Board to set forth written findings of fact supporting its determination to grant the special permit.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced a proceeding pursuant to CPLR article 78 seeking to annul the determination of respondent Hannibal Town Planning Board (Planning Board) approving the application of respondent SBA, Inc. for a special

permit to construct a telecommunications tower in the Town of Hannibal. By its judgment in that proceeding, which is the subject of appeal No. 1, Supreme Court determined, among other things, that the Planning Board complied with the State Environmental Quality Review Act (SEQRA) (ECL art 8) and that alleged defects in the published notice of the May 3, 2001 public hearing were "de minimis," and the court remitted the matter to the Planning Board to set forth written findings of fact supporting its determination to grant the special permit. Following the Planning Board's issuance of findings of fact, petitioners commenced a second proceeding, again seeking to annul the Planning Board's determination. The judgment in that proceeding is the subject of appeal No. 2. The court determined therein that the findings of fact adopted by the Planning Board are supported by substantial evidence and dismissed the second petition.

We reject petitioners' contention that alleged defects in the published notice of the May 3rd public hearing deprived the Planning Board of jurisdiction to act (*cf. Matter of Buffalo Cremation Co. v March,* 222 App Div 447, 448, *affd* 249 NY 531). "Further, petitioners had actual knowledge of and appeared at the hearing" (*Matter of Baer v Town of Waterford,* 186 AD2d 850, 851; *see Matter of Brew v Hess,* 124 AD2d 962, 963).

Petitioners further contend that the Planning Board violated SEQRA by issuing a negative declaration without receiving any information concerning three areas of environmental concern identified in the full environmental assessment form. That contention, however, is not raised in either petition, and thus it is not properly before us (*see Matter of Krossber v Jackson,* 263 AD2d 960, 961, *lv denied* 94 NY2d 756; *see also Klein v City Council for City of Long Beach,* 236 AD2d 446; *Matter of Crawford v Kelly,* 124 AD2d 1018).

Petitioners also contend that the determination of the Planning Board should be annulled because the Planning Board failed to consider alternative sites for the tower. We disagree. There is no provision in the Town of Hannibal Zoning Law (Zoning Law) requiring the Planning Board to consider alternative sites for the tower (*see* §§ 630, 640, 650). Although an environmental impact statement (EIS) prepared under SEQRA must include a detailed statement setting forth "alternatives to the proposed action" (ECL 8-0109 [2] [d]), an EIS is not required where, as here, a negative declaration is issued by the Planning Board (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d 62, 68).

Petitioners' additional contention that the findings of fact are legally insufficient because they do not address criteria set forth in subdivisions (2) and (4) of Zoning Law § 640 is not properly before us because it is raised for the first time on appeal (*see Krossber*, 263 AD2d at 961; *Matter of Town of Mentz v County of Cayuga*, 248 AD2d 1020, 1021). In any event, the "perceived deficiencies in this planning board's formal findings * * * do not invalidate the determination" (*Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Council of City of N.Y.*, 214 AD2d 335, 337, *lv denied* 87 NY2d 802). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.