■ In the Matter of ALAIN J. MAUBOUSSIN, Doing Business as A.J. FOREIGN AUTO, INC., Petitioner, v RICHARD E. JACKSON,

JR., as Commissioner of Motor Vehicles, Respondent. [754 NYS2d 731] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of respondent which, inter alia, suspended petitioner's repair shop license.

Following a hearing, petitioner, the owner of an automobile repair shop in Tompkins County, was found guilty of failing to complete an invoice (*see* 15 NYCRR 82.5 [c]), grossly overcharging for a repair or adjustment (*see* Vehicle and Traffic Law § 398-e [2] [a] [ii]) and committing fraud or a fraudulent or deceptive practice (*see* Vehicle and Traffic Law § 398-e [1] [g]). A civil penalty was imposed and petitioner's repair shop registration was suspended for 10 days. The charges stem from work performed on a 1984 Jaguar which had been towed to petitioner's facility in March 1999 because the vehicle's owner (hereinafter the complainant), who lived in Westchester County, was unable to get it started.

Upon our review of the record, we are satisfied that substantial evidence supports the determination (*see* CPLR 7803 [4]; *see e.g. Matter of Carota Enters. v Jackson*, 241 AD2d 667, 668; *Matter of Kel-Car Assoc. v Adduci*, 176 AD2d 942). According to the complainant, he was told by petitioner that the vehicle needed a complete tune up and ignition coil in order to rectify the no-start problem. Moreover, although new ignition wires had been installed on the vehicle one month earlier, the complainant was also told that the ignition wires were corroded and needed to be replaced. The complainant was further advised that the exhaust gaskets were defective and also needed to be replaced. Although skeptical, the complainant authorized the work, but requested that all replaced parts be saved for his inspection. Shortly after the vehicle was returned to him, the complainant smelled exhaust fumes, leading him to believe that the exhaust gaskets had not been replaced as represented and charged. A subsequent examination of the vehicle by his mechanic confirmed this suspicion.

In connection with a complaint filed against petitioner, a Department of Motor Vehicles' automotive facilities inspector interviewed the complainant and petitioner. He also examined the vehicle, the parts that had been removed and replaced by petitioner and an exhaust gasket that had been removed and replaced by the complainant's mechanic. According to the inspector, while certain repairs were necessary to correct the no-start problem (i.e., replacement of the cracked distributor cap and spark plugs), others were not (i.e., replacement of igni-

tion wires, fuel and air filters and the ignition coil) (*see e.g. Matter of Precise Auto Elec. v Commissioner of Motor Vehicles,* 151 AD2d 680, 680-681). The inspector further opined that petitioner did not replace the exhaust gaskets, although the complainant had been charged for such repair (*see Matter of Krossber v Jackson,* 263 AD2d 960, *lv denied* 94 NY2d 756; *Matter of Leon's Collision Shop v Adduci,* 167 AD2d 986). Furthermore, according to the inspector, petitioner failed to itemize the labor charges on the bill (*see* 15 NYCRR 82.5 [c]; *cf. Matter of Christy v Department of Motor Vehicles,* 138 AD2d 700)* and in fact overcharged the complainant for labor* by at least $90.

Petitioner testified that all the parts that he replaced were necessary to repair the vehicle, he did in fact replace the exhaust gaskets despite the rusty and corroded appearance of the one in the complainant's possession and all labor charges were justified even though not itemized. This conflicting testimony, however, presented a credibility determination which will not be disturbed by this Court (*see e.g. Matter of Somma v Jackson,* 268 AD2d 763, 764; *Matter of De Cillis Auto Serv. Ctr. v New York State Dept. of Motor Vehicles,* 212 AD2d 700). Finally, the penalty imposed is not so disproportionate to the charged offenses as to shock this Court's conscience (*see Matter of Lin Del Transmissions v New York State Dept. of Motor Vehicles,* 256 AD2d 1176, 1177), particularly since petitioner apparently has committed similar conduct on a prior occasion (*see Matter of Somma v Jackson, supra*).

Petitioner's remaining contention has been reviewed and found to be without merit.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner did not deny that he failed to itemize the labor charges. He claimed that he was unable to do so because three different people worked on the car and he was busy with other customers on the day the invoice was completed.