■ In the Matter of ROBERT I. COE, Petitioner, v POLICE DEPARTMENT OF THE COUNTY OF NASSAU, Respondent.—Three proceedings by petitioner Robert I. Coe pursuant to CPLR article 78 as follows: (1) the first to review respondent's determination, dated October 8, 1974 and made after a hearing, which, upon a finding of guilty on two specifications of failure to obey lawful orders, fined him five days' pay on the first specification and 10 days' pay on the second specification, (2) the second to review respondent's determination, dated December 2, 1974 and made after a hearing, which, upon a finding of guilty on two similar specifications, dismissed him "from the rolls of the Police Department" and (3) the third for the reopening of the latter hearing for the presentation of newly discovered evidence. Third above-mentioned proceeding dismissed, without costs or disbursements. Petitioner has apparently abandoned this proceeding. Determination dated October 8, 1974 modified, on the law, by (1) deleting therefrom the finding of guilt as to two specifications of failure to obey lawful orders and substituting therefor a finding of guilt on one specification of failure to obey lawful orders and (2) reducing the fines imposed to one fine of 10 days' pay. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. Determination dated December 2, 1974 modified, on the law, by (1) deleting therefrom the finding of guilt as to two specifications of failure to obey lawful orders and substituting therefor a finding of guilt on one specification of failure to obey lawful orders and (2) reducing the penalty of dismissal to a fine of 10 days' pay. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. Respondent is directed to reinstate petitioner to his position with back pay and other benefits to which he may be entitled, retroactive to October 9, 1974, the date of his "suspension", less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during such period. Petitioner Robert I. Coe and the petitioners in the companion article 78 proceedings, Ronald Gales and James McManus, were employed in the respondent's automotive shop, Coe as an auto body repairman and

Gales and McManus as auto repairmen. In January, 1974, a new procedure was instituted with respect to trash disposal in the garage in that a rotating schedule was posted which called for all the employees to take turns in performing the daily "trash detail". The mechanics objected to their union representative that the trash detail was outside the scope of their duties and the issue was raised before the Public Employment Relations Board (PERB). Coe and McManus on March 27, 1974, and Gales on March 28, 1974, refused to obey the orders of their shop foreman and of their commanding officer to take out the trash cans. Coe and McManus refused on the ground that they suffered from physical disabilities which did not permit them to lift the trash receptacles, which weighed 35 pounds when empty or 75 pounds when filled; Gales refused on the ground that the trash detail was not part of his duties as a mechanic. After a hearing, each man was found guilty as charged of two acts of insubordination, one with respect to the foreman and one with respect to the commanding officer, on two specifications. On October 8, 1974 Coe was fined five days' pay on the first specification and 10 days' pay on the second; Gales and McManus were each fined five days' pay on the first specification and five days' pay on the second. On October 8, 1974, but apparently before petitioners Coe and Gales, or the commanding officer, learned of the determination, and with the PERB hearing scheduled for October 10, 1974, they were again ordered (for the first time since they had refused in March) by the shop supervisor and the commanding officer to perform the trash detail. They refused and were suspended the following day, October 9, 1974. On October 11 the Police Commissioner wrote to the Executive Director of the Nassau County Civil Service Commission asking her to render an opinion as to whether the lifting of the trash receptacles came within the related duties of the positions of automotive body repairman and auto mechanic. By memorandum dated October 17, 1974, the executive director answered in the affirmative. At the hearing, the shop supervisor explained that although he had originally "skipped" the names of the petitioner and of Gales and McManus on the schedule after the March incident, he decided to include them again following complaints by more than half of the employees with respect to their nonparticipation in the trash detail. The commanding officer testified that, apart from the incidents in connection with the trash removal, their attitude towards their work was "fine" and their records for performance were satisfactory. At that time, Coe had been employed for 16 years and Gales for 4 years. After the hearing each was found guilty as charged of two acts of insubordination, one with respect to the shop supervisor and the other with respect to the commanding officer, on two specifications, and dismissed. The determinations that Coe and McManus on March 27, 1974, Gales on March 28, 1974 and Coe and Gales on October 8, 1974, were guilty of insubordination are supported by substantial evidence. However, in our opinion, it was arbitrary and unreasonable to determine that they were guilty of two charges and specifications and to punish them for two offenses for each day on which they refused to perform the trash detail. The trash was removed only once a day, therefore the refusal on any single day was only one incident. To raise their refusal on a single day to two acts on the ground that they refused the orders of two superiors is mere boot-strapping, for which there is no rational basis (see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). The fine of five days' pay for one such act of insubordination in the cases of McManus and Gales is not shocking to one's sense of fairness, nor is the fine of 10 days' pay in the case of Coe, in view of the fact that he had a prior conviction on a departmental charge. However, on this record, the dismissal

of petitioners Coe and Gales from service was so disproportionate to their offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ., supra)*. There was no moral turpitude involved in the charge. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.