■ In the Matter of JAMES McMANUS, Petitioner, v POLICE DEPARTMENT OF THE COUNTY OF NASSAU, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated October 8, 1974 and made after a hearing, which found petitioner guilty of two specifications and fined him five days' pay on each specification. Determination modified, on the law, by (1) deleting the finding of guilt as to two specifications of failure to obey lawful orders and substituting therefor a finding of guilt as to one specification of failure to obey lawful orders and (2) reducing the fines imposed to one fine of five days' pay. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. (See *Matter of Coe v Police Dept. of County of Nassau,* 57 AD2d 619.) Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

■ In the Matter of MINERVA RUIZ, Respondent, v JOSE RUIZ, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the father appeals from an order of the Family Court, Queens County, dated September 22, 1976, which directed him to pay child support of $25 per week, per child, for a total of $75 per week. Order modified, on the facts, by reducing the amount of child support to $20 per week, per child, for a total of $60 per week. As so modified, order affirmed, without costs or disbursements, and with leave to petitioner to apply for an increase in child support in the event that the appellant's ability to support his children increases. We think that the award of child support made by the Family Court was unrealistic in view of the uncontested amount of the appellant's net income and his stated indebtedness. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.