■ In the Matter of RAYMOND FARRELL, Petitioner, v JAMES E. DOWLING, as Superintendent of Highways for the Town of Smithtown, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of Highways of the Town of Smithtown, dated January 23, 1980 and made after a hearing, which, upon the recommendation of the hearing officer, found petitioner guilty of certain charges and dismissed him from his employment. Petition granted to the extent that the determination is modified, on the law, by deleting (1) the provisions finding petitioner guilty of charges numbered five and six and (2) the penalty imposed. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to the respondent for further proceedings consistent herewith. Petitioner, an automobile equipment operator for the Town of Smithtown Highway Department, was served with six charges of misconduct for his activities while driving a town vehicle on November 21, 1979. The first two charges were withdrawn by the respondent during the disciplinary hearing held on the charges, without prejudice to renew. The remaining charges were: "(3) Unauthorized leaving of job; (4) Unreported damage to Highway vehicle; (5) Driving with [a] suspended

license; and (6) failure to notify Highway Dept. about suspension of license." After a statutory hearing (see Civil Service Law, § 75, subd 2), petitioner was found guilty on all four remaining charges and dismissal from his job was recommended. Respondent affirmed the hearing officer's recommendations and terminated petitioner's employment. The respondent's determination must be sustained if the charges were proven by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Proof as to charges five and six fail to meet this test. Although a police department computer printout indicates that petitioner's license was suspended twice for failure to answer a summons, nothing in the record demonstrated that the petitioner knew that his license had been suspended. The petitioner claimed that he had not known of the suspension and first learned of it when he was served with the charges in this case. He then immediately inquired at the Department of Motor Vehicles and paid the $15 fine. The respondent failed to prove that the petitioner actually received the summonses and they were not introduced into evidence. In finding the petitioner guilty on charges five and six, the hearing officer relied on improper inferences and matters that were not in the record (see *Matter of Simpson v Wolansky,* 38 NY2d 391, 396). A determination of guilty on those charges cannot be sustained without proof that the petitioner had notice of the suspension. The remaining charges are supported by substantial evidence. Charge four appears merely to be a technical violation of department of highway rules and does not stem from any willful or purposeful wrongdoing by the petitioner. The proof as to charge three indicates that the petitioner remained at the general location at which he had been picking up leaf bags, even though he had finished his work, to avoid returning to the yard "too early". There was no proof in the record that the petitioner actually did anything other than wait until it was time to return to the yard. However, as his work had been completed, the petitioner was not authorized to remain idle for a substantial period of time without returning to the yard for additional assignments. Based on the above, the respondent's determination as to the penalty cannot be sustained. Termination was recommended by the hearing officer and affirmed by the respondent because of the seriousness of charges five and six. As those charges have been dismissed, the penalty becomes so disproportionate to the offenses to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234; *Matter of Coe v Police Dept. of County of Nassau,* 57 AD2d 619, app dsmd 42 NY2d 974). On remand, the respondent should determine what penalty, if any, is appropriate to a finding of guilt on the remaining charges. To aid that determination, we note that dismissal would not be an appropriate penalty. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.