■ In the Matter of RAYMOND FARRELL, Petitioner, v JAMES E. DOWLING, as Superintendent of Highways for the Town of Smithtown, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Superintendent of Highways for the Town of Smithtown, dated July 28, 1981, demoting petitioner from the position of automotive equipment operator to that of laborer, with a reduction in pay. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, petitioner is reinstated to his former position of automotive equipment operator and matter is remitted to respondent for the imposition of an appropriate penalty, which shall not exceed a suspension of 30 days, and for determination of the back pay to which petitioner is entitled, in accordance herewith. By order of this court dated June 29, 1981 (*Matter of Farrell v Dowling*, 82 AD2d 918), the matter was remitted to the respondent to determine what penalty was appropriate in light of this court's dismissal of charge 5, driving with a suspended license, and charge 6, failure to report a suspended license to the Department of Highways of the Town of Smithtown, which were the most serious of the charges against petitioner. While this court sustained the two remaining charges, finding that both were supported by substantial evidence, with respect to charge three, we found that "[t]here was no proof in the record that petitioner actually did anything other than wait until it was time to return to the yard" and, in sustaining charge four, we noted that it appeared merely to be a technical violation of the department's rules, and that it did not "stem from any willful or purposeful wrongdoing by the petitioner" (82 AD2d 918, 919, *supra*). Upon remand, respondent reinstated petitioner to employment but imposed a penalty of demotion from his former position of automotive equipment operator to that of laborer, grade 5. On this proceeding respondent has attempted to justify the penalty imposed as warranted by the severity of the offenses and petitioner's "past history of disciplinary matters". Although petitioner admitted that he had been involved in a prior disciplinary hearing, the record does not disclose evidence of the specifics of the charges or of the sanctions. While it is not inappropriate to consider prior disciplinary infractions in the imposition of sanctions, "it is not proper for an administrative agency to base a decision of an adjudicatory nature, where there is a right to a hearing, upon evidence or information outside the record" (*Matter of Simpson v Wolansky*, 38 NY2d 391, 396). Therefore, in light of the minor nature of the offenses of which petitioner was found guilty, the penalty of demotion is so

disproportionate as to shock one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222), and a suspension not to exceed 30 days is the maximum penalty which the evidence would support. "[W]hen a determination imposing sanctions under section 75 of the Civil Service Law is annulled, the employee is entitled to be reinstated to his or her former position with back pay until such time as a new determination may be rendered which again punishes the employee" (*Matter of Tanner v County of Nassau*, 88 AD2d 661, 662). Therefore, petitioner is entitled to back pay from January 23, 1980, the date of his dismissal, until such time as a new determination is rendered which punishes petitioner, less the amount of compensation which he may have earned and any unemployment insurance benefits he may have received during that period. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.