■ In the Matter of CAR-LIFE TRANSMISSION CENTER OF COLONIE, INC., Petitioner, v JOHN PASSIDOMO, as Commissioner of the New York State Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which suspended petitioner's repair shop registration for five days and imposed a civil penalty of $200.

Petitioner is the operator of a licensed motor vehicle repair shop specializing in automobile transmission work. As the result of a complaint filed by one of its customers, Robert Turner, the State Department of Motor Vehicles issued a notice of hearing to petitioner alleging the following violations:

"CHARGE #1: V and T Law 398-d 2 Charging in excess of estimate without customer's consent in that the repair shop exceeded the estimate to repair transmission in complainant's vehicle in the amount of $738.00.

"CHARGE #2: Regulation 82.5 (b) Wilfully performed services not authorized in that repair shop rebuilt the transmission and clutch in complainant's vehicle without his authorization.

"CHARGE #3: Regulation 82.5 (b) Wilfully failed to provide customer with copy of written work order in that the repair shop refused to provide the complainant with a written copy of work order."

After a hearing, the administrative law judge (ALJ) credited Turner's version of the transaction and found petitioner guilty of the three violations, assessing a total penalty of $450 in fines and a 10-day suspension.

Petitioner appealed this determination to the Repair Shop Review Board. The Board upheld the factual findings of the ALJ regarding the credibility of Turner, but found that only one penalty for unauthorized repairs was appropriate. The penalty imposed was accordingly reduced to a $200 fine and a five-day suspension. Respondent concurred with the Board as to its findings and as to the penalty imposed. This CPLR article 78 proceeding for a review of that determination ensued.

Respondent's determination is supported by substantial evidence in the record. The determination should, therefore, be confirmed and the petition dismissed. The imposition of the $200 civil fine and five-day suspension is not " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Accordingly, the penalty should not be disturbed (see *Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles*, 90 AD2d 643, 644).

Petitioner's contention that there is no substantial evidence in the record to sustain the charges is not persuasive. A review of the record reveals the following: Turner brought his 1976 Volkswagen to petitioner's repair shop with the complaint that "it was sticking in gear". Petitioner's president, Steven Ganci, spoke with Turner and agreed to "unstick the car from gear" for $125. Turner then signed a work order which contained only the $125 figure. When the work was done the price was placed at over $800. Ganci admitted in his testimony that Turner initially authorized only the $125 charge. Ganci claimed, however, that Turner later authorized the additional repairs by telephone. Turner said he never spoke on the phone with Ganci about additional repairs and never authorized any repairs other than the $125 to unstick the gear. Turner also stated that he refused to pay the $866.70 billed him for the entire job. The ALJ, as the finder of fact, was able to observe the demeanor of the witnesses and thus was in the best position to assess credibility and the probative value to be given their testimony (*Van Vlack v Ternullo,* 53 NY2d 1003, 1004; *Matter of Kastner v Regan,* 75 AD2d 977; *Matter of Donato v Wyman,* 32 AD2d 1061, 1062). We perceive no reason to disturb the factual findings reached in this matter.

Determination confirmed and petition dismissed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.