Richmond County, Sangiorgio, J.—reargument.) Present—Callahan, J. P., Denman, Green, Lawton and Davis, JJ.

■ HAROLD REAPE et al., Appellants, v CONRAD J. LYNN, Respondent. (Appeal No. 1.)— Order unanimously affirmed without costs for reasons stated at Supreme Court, Spodek, J. (Appeal from order of Supreme Court, Kings County, Spodek, J.—dismiss action.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.

■ HAROLD REAPE et al., Appellants, v CONRAD J. LYNN, Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated at Supreme Court, Spodek, J. (Appeal from order of Supreme Court, Kings County, Spodek, J.—dismiss action.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.

■ In the Matter of LEON'S COLLISION SHOP, INC., Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.— Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner, an auto repair shop, challenges a determination of respondent, the Commissioner of Motor Vehicles, finding petitioner guilty of three charges and imposing a civil penalty. Petitioner contends that the record of the hearing does not contain substantial evidence to support the charges against it, and that the Commissioner erroneously relied on hearsay evidence. The record contains substantial evidence to establish that petitioner failed to provide the customer with an invoice, willfully failed to provide quality repairs, and fraudulently failed to replace parts paid for by the customer (Vehicle and Traffic Law § 398-d [1]; § 398-e [1] [i], [g]; 15 NYCRR 82.5 [g]; *see, Matter of White Plains Cent. Serv. v People,* 149 AD2d 713, 714; *Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles,* 90 AD2d 643). Additionally, hearsay evidence is admissible in an administrative hearing, and the charges were otherwise supported by competent testimony. (Article 78 proceeding transferred by order of Supreme Court, Queens County, Di Tucci, J.) Present —Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.

■ VDR REALTY CORP. et al., Appellants, v KENNETH MINTZ, Individually and as a Partner in GUTMAN, MINTZ AND BAKER, et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Factual allegations of the