■ In the Matter of DAVID RIVERA, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [607 NYS2d 772] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner contends that the 10-day suspension of his thoroughbred jockey license was arbitrary, capricious and an abuse of discretion because respondent New York State Racing and Wagering Board (the "Board") amended the charges against him without notice. We disagree. We have examined the notice provided by the Board and conclude that petitioner was apprised of the claims against him in a manner that afforded him a full and fair opportunity to prepare and present a defense *(see, Matter of Bahouth v Sardino,* 125 AD2d 990, 991; *see also, Matter of Hecht v Monaghan,* 307 NY 461, 470).

We also reject the contention that petitioner's suspension was not supported by substantial evidence *(see,* CPLR 7803 [4]). In determining the charges against petitioner, the Hearing Officer and the Board credited a Steward's testimony that petitioner failed to maintain a straight course during the second race at Finger Lakes Race Track on June 30, 1992 *(see,* 9 NYCRR 4035.2). That credibility determination rested with the Board *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444) and may not be disturbed upon judicial review *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271).

Finally, petitioner's contention that the Hearing Officer improperly relied upon the statement of a Jockey Guild Representative who was not present at the hearing is without merit. Petitioner did not object to the representative's statement at the hearing and such statement, although hearsay, is admissible at an administrative hearing *(see, Matter of Gray v*

*Adduci,* 73 NY2d 741, 742). (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Galloway, J.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.