■ In the Matter of RONALD MAHER, Petitioner, v STEPHEN G. HAYDUK, as Commissioner of the Department of Public Works of the County of Suffolk, et al., Respondents. [630 NYS2d 384] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Public Works of the County of Suffolk, dated February 25, 1993, which, upon the recommendation of a Hearing Officer, made after a hearing, found the petitioner guilty of certain enumerated charges and specifications, and terminated his employment as Maintenance Mechanic II in the Division of Buildings of the Suffolk County Department of Public Works.

Adjudged that the petition is granted to the extent that the portion of the determination which sustained Charge I, Specification II is annulled and that charge is dismissed, the penalty imposed is deleted, and the petitioner is reinstated to his position as a Maintenance Mechanic II with the Department of Public Works of the County of Suffolk; as so modified, the determination is confirmed, without costs or disbursements, the proceeding is otherwise dismissed, and the matter is remitted to the respondent for the imposition of a new penalty not to exceed a suspension of 30 days, and for determination of the back pay to which the petitioner is entitled.

The petitioner's contention that he was denied a fair hearing

due to the allegedly biased conduct of the Hearing Officer is without merit. That contention is based upon a strained interpretation of the record, and, in any event, the petitioner's allegations of unfairness are insufficient to rebut the presumption of integrity of those serving as adjudicators (see, Matter of Rine v City of Sherrill, 195 AD2d 961).

Also without merit is the petitioner's contention that the Hearing Officer's finding of guilt with respect to Charge II, relating to the petitioner's conduct on April 10, 1992, is not supported by substantial evidence. The petitioner's supervisor testified that he directed the petitioner to turn in his keys on that day, and it is undisputed that the petitioner failed to do so. The petitioner's testimony that he was not directed to turn in his keys on April 10, 1992, posed a credibility question for the Hearing Officer, to whom we defer in such matters (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443). Additionally, the petitioner's allegation that he was baited into disobeying a written directive prohibiting the use of the elevator manual override key during business hours is contradicted by the credible evidence adduced at the hearing.

However, the petitioner correctly argues that Charge I, Specification II, the only specification of which he was found guilty under that charge, is not supported by substantial evidence. This charge relates to an incident which occurred on March 6, 1992, at the H. Lee Dennison Building in Hauppauge. While the petitioner was charged with misrepresenting himself as an authority in asbestos matters for the Suffolk County Department of Public Works, the evidence proffered by the respondent established that the petitioner accurately stated that he was an asbestos specialist or that he was experienced in asbestos matters. Additionally, while the petitioner was further charged with directing certain Court Officers to leave the premises and go home to decontaminate themselves, the credible evidence in the record establishes that, at best, the petitioner made a recommendation to that effect, a recommendation which was acted upon by the officers' superiors. Thus, the Hearing Officer's finding with respect to this charge is not supported by substantial evidence, and must be annulled.

In light of the minor nature of the offenses of which the petitioner was found guilty, his unblemished disciplinary record during the approximately eight years that he was employed by the respondent prior to this incident, and our finding with respect to Charge I, we conclude that the penalty of dismissal is so disproportionate as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Therefore the

matter is remitted to the respondent for the imposition of an appropriate penalty, not to exceed a 30-day suspension, and for a determination of the amount of back pay to which the petitioner is entitled *(see, Matter of Farrell v Dowling,* 90 AD2d 849).

We have considered the petitioner's remaining contention and find it to be without merit. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.