■ In the Matter of MICHAELLE'S AUTO REPAIRS, INC., Appellant, v PATRICIA B. ADDUCI, as Commissioner of Department of Motor Vehicles of the State of New York, Respondent. [652 NYS2d 617] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Motor Vehicles, dated December 13, 1994, which, after a hearing, found the petitioner to be in violation of certain provisions of the Vehicle and Traffic Law and the regulations of the Commissioner and imposed penalties consisting of suspensions of the petitioner's automotive inspection license for an aggregate period of 210 days and fines in the aggregate amount of $2,100.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as sustained Charge No. 6 under Case No. 6-EP2-00057, and the penalty imposed with respect to that charge, are annulled, and that charge is dismissed; the determination is otherwise confirmed and the proceeding is otherwise dismissed on the merits, without costs or disbursements.

The petitioner, an automobile repair and inspection facility, was charged with a number of violations of the Vehicle and Traffic Law and the regulations of the Commissioner of the

Department of Motor Vehicles with regard to improprieties in its performance of New York State vehicle inspections. Following a lengthy hearing, an Administrative Law Judge sustained many of the charges and recommended the imposition of fines and suspensions. These findings and recommendations were upheld by the Administrative Appeals Board and thereafter were adopted by the Commissioner. The petitioner commenced this proceeding pursuant to CPLR article 78 challenging the Commissioner's determination, and the Supreme Court, after disposing of those issues other than the question of substantial evidence, transferred the matter to this Court in accordance with CPLR 7804 (g).

We agree with the petitioner that Charge No. 6 under Case No. 6-EP2-00057 was not supported by substantial evidence. That charge alleged that the petitioner was guilty of fraud or misrepresentation by entering vehicle registration information into the facility's computerized inspection records by means of a keyboard rather than by utilizing an infrared bar code scanner some 99.6% of the time. An automotive facilities inspector employed by the Department of Motor Vehicles testified that the use of the keyboard rather than the infrared scanner raised the possibility that registration information was entered into the computer without the subject vehicles having been present on the premises, and that the high number of keyboard entries was suspicious. However, the witness admitted that the use of the keyboard did not violate any rule or regulation, and no evidence was presented to establish that the subject vehicles were not on the premises at the time their registration information was entered into the computer. While the petitioner's conduct in this regard was highly suspect, speculation and mere suspicion do not satisfy the substantial evidence requirement *(see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Hence, Charge No. 6 under Case No. 6-EP2-00057 must be dismissed, and the penalty of a fine in the amount of $350 imposed in relation to that charge must be annulled.

We find no merit in the petitioner's contention that the remaining charges sustained against it were similarly unproven. The hearing testimony and the exhibits constituted substantial evidence to support the determination of the Commissioner with regard to those charges *(see generally, Matter of Gruber v Adduci,* 222 AD2d 434; *Matter of Oliver Contr. Corp. v Adduci,* 201 AD2d 979).

Similarly unavailing is the petitioner's contention that it was denied a fair hearing by allegedly biased conduct of the

Administrative Law Judge. The petitioner's claims of unfairness are unsubstantiated and fail to rebut the presumption of integrity and impartiality of the adjudicator *(see, Matter of Maher v Hayduk,* 218 AD2d 700).

Furthermore, the fines and suspensions imposed as penalties in this case, aside from the $350 fine which we have annulled upon the dismissal of Charge No. 6 under Case No. 6-EP2-00057, are not so disproportionate to the petitioner's offenses as to shock one's sense of fairness, and there is no basis in the record for disturbing the penalties *(see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222).

We have considered the petitioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.