■ In the Matter of THOMAS ENG, Appellant, v WILLIAM J. BRATTON, as Commissioner of the New York City Police Department, et al., Respondents. [653 NYS2d 333] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered October 18, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's redetermined penalty directing that petitioner forfeit all pay, benefits and service time lost during the period of his suspension and probationary discipline, and that he undergo character, medical and psychological evaluations, unanimously modified, on the law and the facts, to the extent of annulling the forfeiture of pay

during the period of suspension and probationary discipline, and remanding the matter to the IAS Court for a calculation of petitioner's back pay from August 23, 1991 to June 16, 1994, and of his salary from June 17, 1994 to October 4, 1994, and otherwise affirmed, without costs.

On a prior appeal, this Court annulled respondent's dismissal of petitioner from the Police Department, after finding no substantial evidence for several of the disciplinary charges lodged against him, and remanded to respondent for a redetermination of the penalty to be imposed on the confirmed charges of wrongfully discharging a firearm and failing to report the discharge (*Matter of Eng v Brown*, 196 AD2d 89, *lv denied* 83 NY2d 758). The redetermined penalty conditioning petitioner's reinstatement on the result of a psychological evaluation was within respondent's discretion (*see, Matter of Berenhaus v Ward*, 70 NY 436, 445). However, petitioner was entitled to restoration to duty with back pay retroactive to his August 23, 1991 dismissal date once there was a final judicial determination annulling the dismissal on June 16, 1994 (*see, Matter of Farrell v Dowling*, 90 AD2d 849, 850, *appeal dismissed* 58 NY2d 1113), and we modify accordingly. [As amended by unpublished order entered May 13, 1997.] Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.