■ In the Matter of CAROTA ENTERPRISES, LTD., Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of the New York State Department of Motor Vehicles, Respondent. [659 NYS2d 581] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Appeals Board of the Department of Motor Vehicles which suspended petitioner's repair shop registration for 30 days.

Following an investigation by the Department of Motor Vehicles, initiated by the complaint of Thomas Culnan and Susan Culnan, petitioner was charged with violations of Vehicle and Traffic Law § 398-d (1), for failure to return parts when required, and for violations of 15 NYCRR 82.5 (b), for both willfully performing services not authorized and for willfully failing to note oral authorization to perform work on its invoice. Petitioner was found guilty of all three violations after an administrative hearing. Its repair shop license was ordered suspended for 30 days and a $1,645.43 fine was imposed or, in the alternative, a 15-day suspension, a $300 fine and restitution of $595.43 to the complaining customers. Petitioner appealed to the Department's Appeals Board but failed to appear or submit arguments, and the decision of the Administrative Law Judge (hereinafter ALJ) was affirmed. This proceeding then ensued.

Prefatorily, we reject respondent's contention that petitioner is not entitled to raise on this appeal the contentions it sets forth in that, by failing to submit a brief or present oral argument to the Appeals Board, contentions it failed to raise at the administrative level should be deemed not preserved for our review. On the contrary, by filing for an appeal to the Appeals Board, the Board was required to evaluate the correctness of the initial decision which raised the issues now before us. This constitutes an exhaustion of administrative remedies (*see, Matter of Richmond Hill Serv. Sta. v New York State Dept. of Motor Vehicles*, 92 AD2d 688).

Petitioner urges that the Appeals Board determination is not supported by substantial evidence. Our review of the administrative agency's decision is limited to whether the determination is supported by substantial evidence based upon the record as a whole (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181; see also, CPLR 7803 [4]).

Regarding the charge of failure to return parts, Vehicle and Traffic Law § 398-d (1) requires that for work authorized over the phone, parts must be kept until the customer comes in to retrieve the vehicle. Mark Carota, owner of petitioner, admitted that the parts were disposed of and never kept for the Culnans as required by statute.

As to the remaining charges under 15 NYCRR 82.5 (b) concerning performing unauthorized work and willfully failing to note authorization to perform work on the invoice, there was ample evidence in the record, garnered from the oral testimony of Thomas Culnan and Joseph O'Brien, an investigator for the Department, to sustain these charges. Culnan said that he only authorized a diagnostic test for $58.50 and not the other work for which he was charged. He also testified that notes as to authorization on the work order were not made until he came in to pick up his car, at which time petitioner's employee, Jeff Gregory, proceeded to make such notation. O'Brien's testimony indicated that the repair order in question failed to meet the criterion of 15 NYCRR 82.5 (b) concerning proper authorizations because there was no breakdown of numbers, parts or labor, or any indication of who authorized the work and when it was authorized. Though petitioner offered contradictory testimony by Gregory, such merely raised credibility issues resolved against petitioner by the fact finder whose role in assessing such credibility will not be disturbed by this Court. The trier of fact is in the best position to assess credibility and the probative value of respective testimonies (see, Matter of Car-Life Transmission Ctr. v Passidomo, 107 AD2d 934, 935).

Petitioner also contends that the penalty imposed was excessive.* We find no abuse of discretion as to the penalty. The ALJ who presided at the initial hearing found the violations to be not only established, but that fraud was also implicated. Under such circumstances, we cannot say that the determination is disproportionate to the offenses (see, e.g., Matter of R & R MacIntosh v State of New York, Dept. of Motor Vehicles, 180 AD2d 1004 [fraud and willful failure to make quality work justified 30-day suspension]).

---

* Petitioner does not challenge the restitution or civil fines imposed, but merely objects to the suspension as being disproportionate to the offense.

Petitioner contends that the ALJ overstepped his role by assuming a prosecutorial posture which requires that his determination be set aside. We disagree. Petitioner's claim that the ALJ was unfair or biased is not substantiated in the record so as to rebut the presumption of integrity and impartiality which attaches to his adjudicatory powers (*see, Matter of Michaelle's Auto Repairs v Adduci*, 235 AD2d 478). Nor were the questions he posed at the hearing such as to cast in doubt his partiality.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.