■ In the Matter of STEVEN ST. LUCIA, Petitioner, v ANTONIA NOVELLO, as Commissioner of the New York State Department of Health, et al., Respondents. [726 NYS2d 488] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a

determination of the Hearing Committee of respondent State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In February 1999, petitioner, a licensed general surgeon, was charged with 11 specifications of professional misconduct stemming from his care and treatment of patients A, B, C, D and E. Specifically, petitioner was charged with three specifications of moral unfitness to practice medicine based upon his consensual sexual relationships with patients A, B and C, together with two specifications each of gross negligence, gross incompetence and failure to maintain accurate patient records, and one specification each of negligence on more than one occasion and incompetence on more than one occasion, all of which related to his medical treatment of patients D and E. Following a lengthy hearing before a Hearing Committee of respondent State Board for Professional Medical Conduct (hereinafter the Committee), the Committee sustained most of the 11 specifications charged* and, as to the penalty, revoked petitioner's license to practice medicine. Petitioner thereafter commenced this proceeding to challenge the Committee's determination contending, *inter alia*, that the underlying determination is not supported by substantial evidence.

Despite the voluminous record and the serious nature of this proceeding, the various arguments raised by petitioner on review do not warrant extended discussion. Initially, we reject petitioner's assertion that Education Law § 6530 (20) and 8 NYCRR 29.1 (b) (5), both of which define "professional misconduct" as conduct that evidences moral unfitness to practice medicine, are unconstitutionally vague. This very argument was considered and rejected by this Court in *Matter of Addei v State Bd. for Professional Med. Conduct* (278 AD2d 551), wherein we held that although the cited statutory provision "does not describe the behavior which constitutes a violation in minute detail, it does provide sufficient warning concerning the manner in which the profession must be practiced" (*id.*, at 552; *see, Matter of Dolin v State Bd. for Professional Med. Conduct*, 274 AD2d 862, 864-865, *lv denied* 95 NY2d 770). More to the point, we concluded that the term "moral unfitness" encompasses misconduct of a sexual nature and "gives fair notice to a person of ordinary intellect of the nature of the proscribed conduct, such that [Education Law § 6530 (20)] is not unconstitutionally vague" (*Matter of Addei v State Bd. for Professional Med. Conduct, supra*, at 552).

---

* The Committee did not sustain the specifications of gross negligence as to patients D and E and gross incompetence as to patient E.

Equally unpersuasive is petitioner's claim that he was denied due process with respect to his cross-examination of patient A due to his inability to obtain patient A's counseling records. The mere fact that patient A testified as a witness in the underlying disciplinary proceeding did not place her psychological status in issue, nor did it constitute a waiver of the privilege existing between her and her treating therapist (*see, Matter of Giffone v DeBuono,* 263 AD2d 713, 715; *Matter of Major v Board of Regents,* 160 AD2d 1041, 1044, *lv denied* 76 NY2d 705). Nor are we persuaded that petitioner was denied due process due to the admission of certain hearsay testimony, as the Committee was not bound by the strict rules of evidence (*see,* Public Health Law § 230 [10] [f]; *see generally, Matter of Hoffman v Village of Sidney,* 252 AD2d 844, 845 ["it is axiomatic that hearsay is admissible in administrative hearings and may be used to support a finding of substantial evidence"]).

Finally, we cannot say that the Committee's determination in this matter is not supported by substantial evidence. As to the allegations of moral unfitness stemming from petitioner's sexual relationships with patients A, B and C, suffice it to say that the Committee was confronted with a classic case of he said/she said. In this regard, "conflicting evidence and issues of credibility are within the exclusive province of the * * * Committee" (*Matter of Reddy v State Bd. for Professional Med. Conduct,* 259 AD2d 847, 849, *lv denied* 93 NY2d 813; *see, Matter of Gross v DeBuono,* 223 AD2d 789, 790; *see also, Matter of Gottesman v New York State Dept. of Health,* 229 AD2d 742, 743). Here, the Committee had every opportunity to observe the demeanor of the respective witnesses and to evaluate any inconsistencies in the testimony presented, and the record as a whole simply does not afford a basis upon which to disturb the Committee's resolution of such credibility issues. With respect to patients D and E, the testimony offered by respondents' expert was sufficient to support the sustained charges. Petitioner's remaining contentions, including his assertions that the Committee erred in denying his motion to sever and that the penalty imposed is excessive, have been examined and found to be lacking in merit.

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.