■ In the Matter of Ronald A. Scaccia, Petitioner, v Raymond P. Martinez, as Commissioner of New York State Department of Motor Vehicles et al., Respondents. [779 NYS2d 680]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered January 20, 2004) to review a determination of respondents. The determination revoked petitioner's driving license for refusal to submit to a chemical test.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Substantial evidence supports the determination revoking the driver's license of petitioner based on his refusal to submit to a chemical test to determine his blood alcohol level after being clearly and unequivocally provided with the warning prescribed by Vehicle and Traffic Law § 1194 (2) (b) (*see Matter of Eyrich v Jackson,* 267 AD2d 237 [1999]; *Matter of Dykeman v Jackson,* 262 AD2d 877 [1999]; *Matter of Galante v Commissioner of Motor Vehs. of State of N.Y.,* 253 AD2d 763 [1998]). The variance between the testimony of the arresting officer and that of petitioner and his father presented an issue of credibility to be resolved by the Administrative Law Judge (ALJ) (*see Eyrich,* 267 AD2d 237 [1999]), whose findings of fact and implicit determination of credibility are not to be disturbed (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444 [1987]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230 [1974]; *see also Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]). As we determined on the prior appeal by petitioner from the judgment convicting him of, inter alia, driving while intoxicated as a class E felony (*People v Scaccia,* 4 AD3d 808, 808-809 [2004]), petitioner was not deprived of his right to consult meaningfully with counsel before deciding whether to submit to a chemical test.

Also contrary to the contention of petitioner, he was not deprived of his due process rights or his right of confrontation. Hearsay evidence is admissible in administrative hearings (*see Matter of Danielle G. v Schauseil,* 292 AD2d 853 [2002]; *Matter of Rivera v New York State Racing & Wagering Bd.,* 201 AD2d 922 [1994]; *Matter of Leon's Collision Shop v Adduci,* 167 AD2d

986 [1990]), and such evidence may serve as "the basis of an administrative determination" without violating those rights (*Matter of Gray v Adduci,* 73 NY2d 741, 742 [1988]; *see generally Matter of Robert OO. v Dowling,* 217 AD2d 785, 786 [1995], *affd* 87 NY2d 1043 [1996]; *Matter of Prodromidis v McCoy,* 292 AD2d 769, 770 [2002]; *Matter of St. Lucia v Novello,* 284 AD2d 591, 593 [2001]; *Matter of O'Hara v Brown,* 193 AD2d 564, 565 [1993]). In addition, there is no indication in the record that the ALJ was not impartial in conducting the hearing (*see Matter of Murray [Commissioner of Labor],* 268 AD2d 746, 747 [2000]; *Matter of Eckler [Commissioner of Labor],* 254 AD2d 672, 673 [1998]; *Matter of Carota Enters. v Jackson,* 241 AD2d 667, 669 [1997]).

We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Martoche and Hayes, JJ.