■ In the Matter of TOURO COLLEGE, Petitioner, v CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, Respondent. [29 NYS3d 808]—

Determination of respondent Environmental Control Board, dated May 30, 2013, which found petitioner in violation of Administrative Code of City of NY §§ 28-118.3.2 and 28-204.4 and imposed civil penalties in the amount of $2,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Michael D. Stallman, J.], entered February 4, 2014), dismissed, without costs.

The ambiguities in the first notice of violation were clarified at the first session of the hearing and petitioner had the opportunity to present a defense at the second session. Substantial evidence, including the issuing officer's affirmed statements in the notice of violation, supports the finding that petitioner's use of the cellar for a laundry room, workshop, and recreation area was unauthorized since such uses were not noted in the most recent certificate of occupancy (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]).

Furthermore, petitioner did not dispute the presence of a laundry room in the cellar, and its claim that the laundry room was a permitted accessory use of the premises was not raised before the administrative agency and is, thus, unpreserved (*see Matter of Seitelman v Lavine*, 36 NY2d 165, 170 [1975]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias and Manzanet-Daniels, JJ.