■ In the Matter of Louis Lilakos, Appellant, v Environmental Control Board, Respondent. [48 NYS3d 775]—

Proceeding pursuant to CPLR article 78 to review two determinations of the Environmental Control Board of the City of New York dated December 19, 2013, and May 29, 2014, (1) affirming so much of a determination of an administrative law judge dated August 29, 2013, made after a hearing, as found that the petitioner violated Administrative Code of the City of New York §§ 28-118.3.2 and 28-301.1, and New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 907.2.8, and imposing a penalty in the total sum of $6,200, and (2) denying the petitioner's application for a superseding determination and adhering to the determination dated December 19, 2013, respectively, which proceeding was transferred to this Court by order of the Supreme Court, Queens County (Butler, J.), entered April 6, 2015, and appeal by the petitioner, as limited by his brief, from so much of the same order as denied that branch of the petition which alleged that the determinations of the Environmental Control Board of the City of New York were arbitrary and capricious.

Ordered that on the Court's own motion, the notice of appeal from the order entered April 6, 2015, is deemed to be an application for leave to appeal from so much of the order as denied that branch of the petition which alleged that the determinations of the Environmental Control Board of the City of New York were arbitrary and capricious, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Adjudged that the determinations dated December 19, 2013, and May 29, 2014, are confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the Environmental Control Board of the City of New York.

The New York City Department of Buildings (hereinafter the DOB) issued five notices of violation to the petitioner in connection with his two-family dwelling (hereinafter the property). The notices of violation alleged, inter alia, that the petitioner violated New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 907.2.8, Administrative Code of the City of New York § 28-118.3.2, and Administrative Code of the City of New York § 28-301.1 for failing to comply with New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) §§ BC 903.2 and 1018.1 by using the property to house multiple transient occupants overnight in violation of the certificate of occupancy and without requisite safety measures. After a hearing, an administrative law judge (hereinafter the ALJ) sustained all five notices of violation. In a determination dated December 19, 2013, the Environmental Control Board of the City of New York (hereinafter the ECB) affirmed so much of the ALJ's determination as sustained four notices of violation alleging that the petitioner violated New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 907.2.8 and Administrative Code of the City of New York §§ 28-118.3.2 and 28-301.1, and imposed a penalty in the total sum of $6,200. In a determination dated May 29, 2014, the ECB denied the petitioner's application for a superseding determination and adhered to its December 19, 2013, determination.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ECB's determinations, alleging that they were arbitrary and capricious and not supported by substantial evidence. In an order dated April 6, 2015, the Supreme Court denied that branch of the petition which was to annul the ECB's determinations as arbitrary and capricious

and, pursuant to CPLR 7804 (g), transferred to this Court that branch of the petition which was to annul the ECB's determinations on the ground that they were not supported by substantial evidence. The petitioner appeals from so much of the order as denied that branch of the petition alleging that the ECB's determinations were arbitrary and capricious.

Generally, judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of E2CD, LLC v Appeals Unit of NYC Envtl. Control Bd.*, 116 AD3d 773, 774 [2014]; *Matter of Konstas v Environmental Control Bd. of City of N.Y.*, 104 AD3d 689, 690 [2013]; *Matter of Aparicio v Environmental Control Bd. of City of N.Y.*, 83 AD3d 1054, 1055 [2011]). "However, such an administrative determination is arbitrary and capricious when it exceeds the agency's statutory 'authority or [is made] in violation of the Constitution or laws of this State' " (*Matter of Lipani v New York State Div. of Human Rights*, 56 AD3d 560, 561 [2008], quoting *Matter of Pasieka v New York City Tr. Auth.*, 31 AD3d 769, 770 [2006]). "Such an arbitrary administrative determination requires reversal, on the law, 'even though there is in the record substantial evidence to support the determination made' " (*Matter of Lipani v New York State Div. of Human Rights*, 56 AD3d at 561, quoting *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]).

The determinations of the ECB affirming the ALJ's finding that the petitioner used the property in a manner that was inconsistent with what was authorized on the certificate of occupancy were supported by substantial evidence and consistent with its prior precedent (*see* Administrative Code of City of NY § 28-118.3.2; *NYC v Mark Kurtz*, NY City ECB Appeal No. 1200159 [Apr. 26, 2012]; *see also Matter of Touro Coll. v City of N.Y. Envtl. Control Bd.*, 139 AD3d 495 [2016]; *Matter of Carone v New York City Envtl. Control Bd.*, 139 AD3d 402, 402 [2016]). Additionally, because there was substantial evidence that the property was primarily being used to house multiple transient occupants overnight, the ECB's determination that the property did not have the requisite fire alarm system, sprinkler system, and number of means of egress was supported by substantial evidence and consistent with its prior precedent (*see* NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] §§ BC 903.2, 907.2.8, 1018.1; *NYC v Navnit Kumar*, NY City ECB Appeal No. 1400400 [June 26, 2014]). The petitioner failed to submit sufficient evidence to demonstrate

that the property fell within any statutory exception provided in the New York City Building Code provisions that were alleged in the four subject notices of violation (*see* former 48 RCNY 3-54 [a]). Accordingly, the Supreme Court properly concluded that the ECB's determinations affirming the four notices of violation were not arbitrary and capricious, and the ECB's determinations were supported by substantial evidence.

The petitioner's contention that he was deprived of a fair hearing by allegedly biased conduct of the ALJ is unavailing. The petitioner's claims of unfairness are unsubstantiated and fail to rebut the presumption of integrity and impartiality of the adjudicator (*see Matter of Scaccia v Martinez*, 9 AD3d 882 [2004]; *Matter of Michaelle's Auto Repairs v Adduci*, 235 AD2d 478 [1997]; *Matter of Maher v Hayduk*, 218 AD2d 700 [1995]). The ECB properly upheld the ALJ's decision denying the petitioner's motion to dismiss the four subject notices of violation on the ground that the DOB failed to respond to his prehearing discovery request (*see* former 48 RCNY 3-37).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.