Matter of Clinton Rising, LLC v New York City Envtl. Control Bd. (2020 NY Slip Op 06255)





Matter of Clinton Rising, LLC v New York City Envtl. Control Bd.


2020 NY Slip Op 06255


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-09371
 (Index No. 506983/17)

[*1]In the Matter of Clinton Rising, LLC, appellant,
v
New York City Environmental Control Board, et al., respondents.


The Bagley Firm, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Kathy Park and Yasmin Zainulbhai of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Administrative Trials and Hearings, dated December 7, 2016, affirming two determinations, both dated June 1, 2016, made after a consolidated hearing, which found that the petitioner violated Administrative Code of the City of New York §§ 28-118.3.2 and 28-204.4, and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Kings County (Carl J. Landicino, J.), dated May 11, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, Clinton Rising, LLC, the owner of a two-family residential building in Brooklyn, commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Office of Administrative Trials and Hearings (hereinafter OATH) affirming the determinations of a hearing officer that the petitioner violated sections 28-118.3.2 and 28-204.4 of the Administrative Code of the City of New York. The respondent New York City Department of Buildings had issued two notices of violation to the petitioner alleging that the petitioner violated those code provisions by allowing the primary tenants of a dwelling unit in its building to rent the unit for periods shorter than 30 consecutive days at a time. The petitioner contends that the determination of the hearing officer and the affirmance by OATH were arbitrary and capricious and legally erroneous. In a judgment dated May 11, 2018, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Here, the OATH determination which affirmed the hearing officer's finding that the petitioner violated sections 28-118.3.2 and 28-204.4 of the Administrative Code of the City of New York by allowing the property to be used in a manner inconsistent with what was authorized on the certificate of occupancy was consistent with its prior precedent (see Matter of Lilakos v Environmental Control Bd., 148 AD3d 893, 895; NYC v Navnit Kumar, NY City ECB Appeal No. [*2]1400400 [June 26, 2014]), and, thus, was neither arbitrary nor capricious, nor affected by an error of law (see CPLR 7803[3]).
Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court