Matter of Lau v NYC DOB (2022 NY Slip Op 05849)

Matter of Lau v NYC DOB

2022 NY Slip Op 05849

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-12764
 (Index No. 3120/19)

[*1]In the Matter of Yamin Lau, petitioner,
v
NYC DOB, respondent.

Yamin Lau, Brooklyn, NY, petitioner pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Elina Druker of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review two determinations of the New York City Office of Administrative Trials and Hearings dated January 24, 2019, and May 2, 2019. The determination dated January 24, 2019, affirmed so much of a determination of a hearing officer dated October 1, 2018, made after a hearing, as found that the petitioner violated Administrative Code of the City of New York § 28-118.3.2 and imposed a penalty. The determination dated May 2, 2019, denied the petitioner's application for a superseding determination and adhered to the determination dated January 24, 2019.
ADJUDGED that the determinations dated January 24, 2019, and May 2, 2019, are confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner is the owner of a two-family dwelling in Brooklyn (hereinafter the property). The certificate of occupancy for the property authorized the use of a basement as "Auxiliary Kitchen, One Recreation Room & One (1) Car Garage."
On June 6, 2018, the New York City Department of Buildings issued four summonses to the petitioner, including a summons alleging that she violated Administrative Code of the City of New York § 28-118.3.2, which prohibits a change to a building that is inconsistent with the certificate of occupancy, by converting the basement into an apartment with a kitchen, living room, "3 PC" bathroom, and two bedrooms.
After a hearing, in a determination dated October 1, 2018, a hearing officer, inter alia, found that the petitioner violated Administrative Code of the City of New York § 28-118.3.2 and imposed a penalty. In a determination dated January 24, 2019, the New York City Office of Administrative Trials and Hearings (hereinafter OATH) affirmed so much of the determination dated October 1, 2018, as found that the petitioner violated Administrative Code of the City of New York § 28-118.3.2 and imposed a penalty. In a determination dated May 2, 2019, OATH denied the petitioner's application for a superseding determination and adhered to its determination dated January 24, 2019.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review OATH's determinations dated January 24, 2019, and May 2, 2019. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Generally, judicial review of an administrative determination made after a hearing is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Lilakos v Environmental Control Bd., 148 AD3d 893, 895). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046).
Here, OATH's determinations were supported by substantial evidence (see Administrative Code § 28-118.3.2; Matter of Lilakos v Environmental Control Bd., 148 AD3d at 895; Matter of Touro Coll. v City of N.Y. Envtl. Control Bd., 139 AD3d 495, 496).
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court